# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## KA07-783

**STATE OF LOUISIANA**

**VERSUS**

**WAYNE PRATER**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2007-0523
HONORABLE JOEL GERARD DAVIS

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.

**APPEAL DISMISSED.  DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Hon. Douglas L. Hebert, Jr.**
**District Attorney, 33rd JDC**
**P. O. Drawer 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
        State of Louisiana

**Wayne Prater**
**179 Pinewood Village Drive**
**Kinder, LA 70648**
**(337) 433-1621**
**PRO SE**

**Amy, Judge.**

On April 12, 2007, the Defendant, Wayne Prater, was found guilty of reckless operation of a vehicle following a bench trial and was sentenced to serve thirty days in the parish jail, suspended, six months supervised probation and ordered to pay restitution as a special condition of probation. The Defendant thereafter orally motioned the trial court for an appeal which was subsequently granted.

On June 25, 2007, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed, as the judgment at issue is not appealable. The Defendant filed a document by the July 16, 2007 deadline, but the document was not in proper form and was returned for an original signature in compliance with the rules of court. The original document with an original signature was received on July 26, 2007. However, the information set forth in the Defendant's documentation did not provide a legal basis why this appeal should not be dismissed.

The judgment at issue herein is not appealable, pursuant to La.Code Crim.P. art. 912.1, therefore, the appeal in the above-captioned case is hereby dismissed. Wayne Prater, Defendant, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs or obtain an order setting a return date, pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

1